# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1447
_____

United States of America

*Plaintiff  Appellee*

v.

Octavio Cortez Fierros

*Defendant  Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: January 13, 2020
Filed: April 1, 2020
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Appellant Octavio Cortez Fierros pled guilty to one count of conspiracy to distribute methamphetamine. The district court[1] sentenced Fierros to 420 months' imprisonment. Fierros appeals the district court's imposition of a leadership enhancement under U.S.S.G. § 3B1.1(a) and denial of a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Finally, Fierros contends his sentence is substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Background

On February 6, 2018, the grand jury indicted Fierros on a single count of conspiracy to distribute at least 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, which contained 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and 851. Fierros pled guilty to the charge. The presentence investigation report ("PSIR") attributed 12.95 kilograms of methamphetamine to Fierros based upon evidence that one of his co-conspirators indicated that he had redistributed 10 kilograms of ice methamphetamine for Fierros, including 2 kilograms seized in a controlled buy, and the seizure of approximately 2.95 additional kilograms in two other controlled buys from Fierros.

Because the offense involved 4.5 kilograms or more of ice methamphetamine Fierros' base level offense was 38. See U.S.S.G. § 2D1.1(c)(1). The PSIR recommended a four-level leadership enhancement under U.S.S.G. § 3B1.1(a) for an adjusted offense level of 42. It also recommended a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

---

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

During the sentencing hearing the district court took testimony from two cooperating witnesses and an investigating officer. A co-conspirator testified that Fierros both recruited him and fronted methamphetamine to him for resale. The co-conspirator testified that while he set his own prices, he owed Fierros the front price established by Fierros when the drugs were delivered to him for resale. He stated that Fierros would dispatch two other dealers to deliver him the fronted methamphetamine. The witness also described how Fierros summoned him to a meeting at a hotel to discuss which of their co-conspirators might be cooperating with law enforcement.

Another co-conspirator testified that Fierros recruited her to answer his phones, translate, drive, and help arrange drug deals. The witness believed that Fierros organized drug transactions and supervised her and the other co-conspirators. She also testified that Fierros determined the quantity of methamphetamine that could be distributed in the conspiracy. Lastly, one of the officers working the Fierros investigation testified that surveillance and controlled buys established Fierros' leadership role in the drug trafficking conspiracy. He explained that, based on various dealers arriving after Fierros was contacted for deals and Fierros' telephonic oversight of the exchanges, he believed Fierros led the operation.

After presenting its evidence, the government argued it had established Fierros was organizing, managing, and leading multiple people in the conspiracy and that if the court found either the leadership enhancement applied or that Fierros was responsible for at least 12.95 kilograms of methamphetamine, Fierros was not entitled to acceptance of responsibility. The court agreed, finding the four-level enhancement for being an organizer or leader applied, that the government had proven by a preponderance of the evidence that the drug quantity reasonably attributable to Fierros was at least 12.95 kilograms of ice methamphetamine, and that Fierros had "frivolously contested the facts of the case." With a total offense level of 42, the

advisory guideline range was 360 months to life imprisonment. The district court imposed a 420-month sentence. Fierros appeals.

## II. Analysis

We review the district court's findings of fact underlying the imposition of a sentence enhancement for clear error. United States v. Vasquez, 552 F.3d 734, 737 (8th Cir. 2009). The sentencing guidelines provide for a four-level enhancement when a defendant is an organizer or leader of a criminal activity involving five or more participants. U.S.S.G. § 3B1.1(a). Sentencing courts consider all of the circumstances relating to the defendant's role in the offense, including: whether he exercised decision-making authority; the nature of the defendant's participation; recruitment of accomplices; the defendant's claimed share of the fruits of the crime; participation in planning or organizing the offense; the nature or scope of the illegal activity; and the degree of control over other participants. Id. at § 3B1.1, cmt. n.4. Although the terms "organizer or leader" are to be construed broadly and a defendant need not directly control co-conspirators, he must do more than simply distribute drugs for re-sale. United States v. Thompson, 210 F.3d 855, 861 (8th Cir. 2000).

Fierros played a key role in channeling large quantities of drugs to a network of Iowa dealers. The investigating officer's testimony identified Fierros as the primary contact for facilitating drug transactions with lower-level dealers. In addition to being the source of the methamphetamine for the conspiracy, Fierros recruited others to join the conspiracy. A co-conspirator testified that she and the other co-conspirators worked under Fierros' supervision and organization and he determined the amount of methamphetamine they could sell. Another co-conspirator described Fierros' ability to summon him to a meeting to discuss leaks to law enforcement. These facts, when viewed in the aggregate, demonstrate that Fierros retained control, oversight, and management of the conspiracy and its participants. The district court did not err in applying the leadership enhancement for Fierros' role in the conspiracy.

-4-

A defendant who pleads guilty is not entitled to an acceptance of responsibility reduction as a matter of right. U.S.S.G. § 3E1.1, cmt. n.3. If the defendant falsely denies or frivolously contests relevant conduct, the sentencing court may find the defendant has failed to clearly demonstrate acceptance of responsibility and deny the reduction. Id. at § 3E1.1, cmt. n.1(A). Here, the district court found that at least 12.95 kilograms of methamphetamine were attributable to Fierros. Fierros consistently denied any involvement beyond 4.5 kilograms. The district court did not clearly err in finding Fierros' co-conspirators' testimony established Fierros sold much more than 4.5 kilograms of methamphetamine and that he frivolously contested relevant conduct.

As to Fierros' final claim, we review the substantive reasonableness of a sentence for abuse of discretion. United States v. Wilcox, 666 F.3d 1154, 1156 (8th Cir. 2012). A sentence within the guideline range is presumptively reasonable on appeal. United States v. Canania, 532 F.3d 764, 773 (8th Cir. 2008). Fierros' sentence was within the guideline range. The district court weighed Fierros' lack of criminal history, youth, and guilty plea against the high quantity of methamphetamine, his profit motive, his establishment of a drug distribution network in Iowa, and his illegal immigration status. We find no abuse of discretion in imposing the within-range sentence.

## III. Conclusion

For the forgoing reasons, we affirm the sentence imposed.

_____